UNITED STATES of America, Plaintiff–Appellee,

v.

Craig Anthony BROUSSARD, Defendant–Appellant.

No. 05–61033
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

Richard Terrell Starrett, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Mississippi, Jackson, MS, for Plaintiff–Appellee.

Craig Anthony Broussard, Leavenworth, KS, pro se.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Craig Anthony Broussard, federal prisoner # 03089–043, appeals the district

---

court's dismissal of his motion pursuant to FED.R.CIV.P. 60(b), in which he sought, inter alia, to challenge his sentence in light of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In the alternative, he seeks leave to file a successive 28 U.S.C. § 2255 motion.

To appeal the dismissal of his Rule 60(b) motion as an unauthorized successive habeas motion, Broussard must obtain a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B). Broussard has failed to show that the district court's determination that his Rule 60(b) motion should be construed as a successive § 2255 motion is debatable among jurists of reason. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (standard for COA); *see also United States v. Rich,* 141 F.3d 550, 552–53 (5th Cir.1998) (Rule 60(b) motion that challenges judgment of conviction on constitutional grounds is properly construed as a successive § 2255 motion).

Broussard's request that he be allowed to file a successive § 2255 motion is foreclosed by *In re Elwood,* 408 F.3d 211, 213 (5th Cir.2005). The Supreme Court's grant of certiorari in *Burton v. Waddington,* — U.S. ——, 126 S.Ct. 2352, 165 L.Ed.2d 278 (2006), does not alter this conclusion. *See Ellis v. Collins,* 956 F.2d 76, 79 (5th Cir.1992). We further reject Broussard's assertion that he should be allowed to bring his *Blakely* and *Booker* claims pursuant to 28 U.S.C. § 2241 via the savings clause of § 2255. He did not raise this claim in the district court and, in any event, it is without merit. *See Padilla v. United States,* 416 F.3d 424, 426–27 (5th Cir.2005).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

For the foregoing reasons, the request for COA is DENIED. The request for leave to file a successive § 2255 motion is DENIED.